Ruffin, Chief Justice,
having stated the case as above, proceeded as follows: We think the judgment-'must be-reversed and verdict and judgment entered for the defendant. It is not stated on which count the plaintiff had judgment in the Superior Court; but we do not deem that material here, as in our opinion, both points raised are in favour of the defendant.
The deed to Murray is null, because it was executed by a person out of possession of the land conveyed. The actual possession, it cannot be denied, was in Shanklin’s tenant; and prima facie, therefore, Levisa Berry was notin possession. But it is said, that the possession of Shanidin is her possession, because he entered rightfully under her by force of her voidable deed: That the entry and possession must be taken to have been according to the title, and therefore could not become adverse to her, from whom it was derived by such an instrument.^ It may be true that the character of a possession is often to be judged of according to the title under which it was acquired; as the possession of one tenant in common, though in the sole enjoyment, is the possession of his brethren. But the possession of one tenant in common is hot necessarily that of his companions. It may become adverse; and is, in fact and law, rendered so by an actual ouster, or by such other circumstances as shew clearly that he denies the right of his companion and holds for himself exclusively. Adverse possession, indeed, is constituted by an actual exclusive possession, taken or held with the intent to put or keep out all others. The title which the party has, is therefore, decisive of the character of the possession; for ' A 7 quently, that is to be inferred more from the title which deed under which he claims purports to convey, than from that which it really does convey; as if one tenant in common, for instance, convey the whole tract, and the alienee enter and remain in possession seven years, he acquires title to the whole tract under the statute of limitations; and consequent-^® ly his possession was adverse to the other tenants in common throughout. Burton v. Murphy, No. Ca. Term R. 259. *292 A possession taken under a deed in iee made by an infant, aithb'uyh the same be voidable, is not therefore to be deemed ° ; . a possession of or for the mlant, but is tnat ox the actual pos-gegscir_ jp not s0) the statute of limitations never could operate when the conveyance was by an infant, because the could not be adverse. But, in truth, every vendee jn fee takes possession adversely to his vendor as much as to L J . other persons. The possession of one, who has a particular estate, is subservient to the title of him from whom it is do-rived, and cannot be deemed to have been adverse during the continuance of his estate. But when an owner professes to all his estate to his'vendee, and the latter enters, he not hold the possession any more than he does the title, for the vendor, from whom he derived both. A sale by an ' • . * infant, whether his deed be void or voidable as a conveyance, jg nQt exceptjon t0 this principle. There is no reason why it should be. The question is, quo animo the vendee took possession; and surely that is clearly evinced by the purport of the conveyance under which the possession was taken. The vendee may not indeed have known of the infancy; but whether he did or not, it is certain he did not enter for his vendor, but for himself exclusively, and consequently, against all the world, including his vendor.
But this case is still stronger against the plaintiff on this point, seeing that the deed, .under which the defendant claims, is not from L. Berry alone, but from her and three others, and does not purport to convey their several undivided shares as tenants in common, but to convey the whole jointly. The possession of the defendant taken under this deed was unquestionably adverse to the three other bargain-ors; and why is it not as against the fourth? Each one conveyed the whole tract; and against each' and all of them, therefore, the vendee claimed the whole. A possession taken under such a claim must be deemed adverse.
Hence, we think the deed to Mr. Murray is void. That being so, there was nothing to interfere with the power of the lessor of the plaintiff, L. Berry, to re-deliver her deed to the defendant, if void, or to confirm it, if voidable. The state of facts renders it unnecessary to detemfine.whether the deed of *293 bargain and sale of an infant be void or voidable. If void at first, it may be delivered a second time as was here done. Co, Lit. 48, Shep. Touch. 60. It is true, that if it be voidable only, a second delivery after full age is ineffectual, because the first had some legal operation, and is therefore irrevocable. But, if it be voidable, it admits of confirmation in some way, and if in any, it must be by the execution of an instrument of equal solemnity with the original instrument. The party after full age, by her deed on the same paper, re-acknowledges the first instrument, and expressly ratifies it. This comes up to the requsition, of Lord Ellenborough, in Baylis v. Dineley, 3 Maul and Selw. 482, and must amount to a confirmation, if the instrument admits of a confirmation, as every voidable act or instrument necessarily does. In whatever way it be taken, therefore, the defendant has the title at law.
The judgment must be reversed and the verdict set aside, and a verdict entered for the defendant and a judgment accordingly.
Per Curiam. Judgment reversed.